■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. JORDAN, Appellant.— Appeal by defendant from a judgment of the former County Court, Kings County, rendered June 10, 1958 after a jury trial, convicting him of murder in the first degree, and, upon the jury's recommendation, sentencing him to serve a term of imprisonment for his natural life. Judgment reversed on the law and new trial granted. The questions of fact raised were considered; the findings implicit in the jury's verdict are affirmed. The defendant and one Miller were jointly indicted and tried. The judgment of conviction of Miller was reversed by the Court of Appeals and a new trial was ordered on the grounds: (1) that the Trial Justice had failed to answer or had failed to answer adequately proper questions submitted by the jury and that such failure seriously prejudiced Miller; and (2) that the People improperly introduced evidence that the murder victim had a wife and seven children (*People* v. *Miller,* 6 N Y 2d 152; see, also, 9 N Y 2d 839). The reasoning of the Court of Appeals in *Miller's* case (6 N Y 2d 152) is also applicable to the present defendant. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH PARKER, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent. — In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, dated July 25, 1962, which dismissed the writ after a hearing and remanded him to the custody of respondent. Order affirmed. In our opinion the plea of guilty under the circumstances herein constituted a plea to the first count of the indictment. This count charged that defendant on March 28, 1944, in the County of Kings, with intent to kill, assaulted Joseph Foster by aiming and discharging a loaded revolver at him. It was therefore proper for the sentencing court to inquire whether defendant was armed, in order to determine the question of increased punishment and to impose such punishment under section 1944 of the Penal Law. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.